**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUDITH STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01730-JD |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") [Doc. No. 11], to which Plaintiff Judith Stevens ("Plaintiff") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

Plaintiff, proceeding *pro se*, filed her Complaint on July 9, 2026, and an Application to Proceed in District Court without Prepaying Fees or Costs on August 3, 2026 ("Motion"). [Doc. Nos. 1, 5]. The Court referred Plaintiff's Motion to Judge Erwin under 28 U.S.C. § 636(b). [Doc. No. 7].

The R. & R. found Plaintiff has sufficient funds to prepay the filing fee of $405.00 and therefore does not qualify for authorization to proceed without prepayment of the filing fee. [Doc. No. 11 at 1, 2]. The R. & R. recommends that the Court deny Plaintiff's Motion and dismiss the action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 20 days of this order. [*Id.* at 2–3]. The R. & R. advised Plaintiff of her right to object by October 2, 2026, and warned that failure to

file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 3 (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives her right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Plaintiff did not file an objection to the R. & R. by the deadline and thus waived her right to challenge the recommended disposition. Plaintiff did not file anything in response to the R. & R. or seek an extension of time to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova*, 595 F.3d at 1123 (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the

explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, for the above reasons, the Court ACCEPTS the R. & R. [Doc. No. 11]. The Court, therefore, DENIES Plaintiff's Motion. [Doc. No. 5]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 20 days of this Order, or by **November 9, 2026**, without further warning or opportunity to cure.

IT IS SO ORDERED this 19th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE